IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THOROUGHBRED TECHNOLOGY, AND TELECOMMUNICATIONS, INC., | CASE NO. 1:03 CV 1120 |
| Plaintiff, | |
| v. | JUDGE DONALD C. NUGENT |
| LIBERTY MUTUAL INSURANCE CO., | |
| Defendant, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| MASTEC, INC., | |
| Intervenor. | |

This matter is before the Court on Plaintiff Thoroughbred Technology and Telecommunications, Inc.'s ("Thoroughbred") Motion for Summary Judgment (Document #59) and Intervenor Mastec, Inc.'s ("Mastec") Motion for Prejudgment Interest (Document #61). A hearing was held before this Court on January 26, 2005 and the Parties subsequently submitted proposed orders. Two main issues are currently before this Court: first, whether Thoroughbred is entitled to withhold any part of the total $1,655,967.70 settlement amount previously agreed to

by the Parties; and, second, whether Mastec is entitled to prejudgment interest on the settlement amount.

First, this Court finds no basis by which Thoroughbred may continue to withhold $248,446.15 out of the total $1,655,967.70 settlement amount agreed to by the Parties in December 2003. This Court was informed by the Parties that they had reached an agreement upon the principal amount to be paid to Mastec by Thoroughbred and that the Parties had accordingly dismissed their respective breach of contract claims. Therefore, Mastec is entitled to the full settlement amount.

Second, this Court finds that Mastec is entitled to prejudgment interest. Thoroughbred argues that no sum was "due and payable" and, therefore, that there can be no prejudgment interest award. The basis for Thoroughbred's argument is that the Contract at issue allowed Thoroughbred to withhold final payment to Mastec to offset possible claims by third parties.[1] Although the Contract allows Thoroughbred to withhold payment in anticipation of such claims, there is nothing in the contract to suggest that the payment due Mastec upon successful

---

[1] Thoroughbred also argues that no amount was "due and payable" to Mastec because the settlement amount agreed to by the Parties was not the result of a jury verdict or judgment or decree of this Court, arguing that the Virginia prejudgment interest statute does not provide for prejudgment interest otherwise. However, the Parties represented to this Court that they had reached an agreement as to the amount Mastec would be paid and asked this Court to determine whether interest on that amount would be appropriate. Thoroughbred has had the use of Mastec's money since December 2001, when Mastec completed its obligations under the Contract. Accordingly, regardless of how the agreed upon amount is categorized by the Parties, this Court finds that under the facts and circumstances of this case, Thoroughbred should pay interest for that use under the "natural justice" reasoning employed by the Virginia courts. *See Shepard v. Capitol Foundry of Virginia, Inc.*, 262 Va. 715, 723, 554 S.E. 2d 72, 76 (2001); *JW Creech, Inc. v. Norfolk Air Conditioning Corp.*, 377 237 Va. 320, 325 S.E.2d 605, 608, (1989).

-2-

completion of its obligations under the contract somehow becomes the property of Thoroughbred in the event that payment is withheld.

The Parties agreed that Mastec was due $1,655,967.70 for work performed under the Contract. There has been no argument that the amount agreed upon included prejudgment interest, which is further evidenced by the fact that the Parties have asked this Court to decide whether Mastec should receive prejudgment interest. Further, the Contract is silent with regard to prejudgment interest and does not state anything to the effect that the withholding of final payment in anticipation of third-party claims equates with a determination that Mastec is not entitled to payment for work completed under the Contract or is not entitled to prejudgment interest. Thoroughbred had the use of Mastec's funds from December 2001, when Mastec completed its work, until December 2003, when the Parties agreed that Mastec was entitled to $1,655,967.70 for the work it performed under the contract. Therefore, Mastec is entitled to interest.

Based on the foregoing, Mastec's Proposed Motion for Prejudgment Interest (Document #61) is hereby GRANTED and Thoroughbred's Motion for Summary Judgment (Document #59) is hereby DENIED. Thoroughbred is hereby ordered to pay Mastec the sum of $248,446.15, the amount remaining unpaid of the total $1,655,967.70 agreed to by the Parties in settlement of their claims. Further, Mastec is granted prejudgment interest in the amount of $318,570.98.

IT IS SO ORDERED.

                                             s/Donald C. Nugent
                                             DONALD C. NUGENT
                                             United States District Judge

DATED: April 18, 2005